IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSEPH HANNAH, #208969, | ) Civil Action No. 3:09-2232-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPT. OF CORRECTION; AND AN UNKNOWN DEFENDANT, OFFICIALLY AND IN THE INDIVIDUALLY CAPACITY, | ) |
| Defendants. | ) |

Plaintiff, Joseph Hannah, filed this action pro se under 42 U.S.C. § 1983[1] on August 25, 2009. He is an inmate at the Turbeville Correctional Institution ("TCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed a motion to strike on November 6, 2009. Defendants filed a motion for summary judgment on January 15, 2010. Because Plaintiff is proceeding pro se, he was advised on January 19, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss or for summary judgment could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition on February 22, 2010.[2]

## **MOTION TO STRIKE**

On November 6, 2009, Plaintiff filed a motion to strike. He appears to disagree with Defendants' answer to his complaint and asks that it be stricken. Defendants did not file a response.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2]On April 18, 2010, the undersigned granted Plaintiff's motion to compel and extended the time, until May 24, 2010, for him to file any additional materials in opposition to Defendants' motion to dismiss or for summary judgment. Plaintiff did not file any additional response.

The Federal Rules of Civil Procedure require that defenses be set out in the pleadings in order to give notice to the opposing party of the issues and to afford the opposing party an opportunity to argue its position. See Fed. R. Civ. P. 8(b);[3] Richmond Steel, Inc. v. Legal and General Assur. Soc., 821 F.Supp. 793 (D.P.R. 1993). Review of Defendants' answer reveals that it comports with Rule 8(b) and should not be stricken.

Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir., 2001) (internal citations and quotations omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." McIntyre-Handy v. APAC Customer Servs., 2006 WL 721383 (E.D.Va. Mar. 20, 2006) (internal citations and quotations omitted).

Plaintiff has brought his motion to strike pursuant to Fed. R. Civ. P. 12(f). This rule provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
    (1) on its own; or

---

[3]This Rule provides, in part:
    (1) In General. In responding to a pleading, a party must:
        (A) state in short and plain terms its defenses to each claim asserted against it; and
        (B) admit or deny the allegations asserted against it by an opposing party.
Fed. R. Civ. P. 8(b).

> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20[4] days after being served with the pleading.

Fed. R. Civ. P. 12(f). Plaintiff has not shown that Defendants' defenses are insufficient, redundant, immaterial, impertinent, or scandalous. Thus, it is recommended that Plaintiff's motion to strike be denied.

## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff appears to allege that, during a prior incarceration at the Coastal Work Release Center of the SCDC, he was employed at Moore Drums and injured his head while on the job, resulting in headaches and a seizure disorder. He also appears to allege claims, while an inmate at TCI, for medical deliberate indifference and medical negligence as to his medical care for a seizure disorder and what he believes is a broken wrist (resulting from a fall in 2009). Defendants contend that their motion to dismiss and/or for summary judgment should be granted because: (1) Plaintiff failed to identify and/or serve any unknown defendant; (2) Plaintiff's claims concerning a head injury allegedly suffered in the 1990s is barred by the applicable statute of limitations; (3) SCDC is not a "person" under 42 U.S.C. § 1983 and is entitled to Eleventh Amendment immunity; (4) Plaintiff has failed to show that Defendants violated his Eighth Amendment rights as to his medical care; and (5) Plaintiff fails to state a claim for medical negligence.

### 1. Statute of Limitations

Defendants contend that Plaintiff's claims concerning his alleged workplace injury in the 1990s are barred by the applicable statute of limitations. State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also

---

[4]This was changed to 21 days effective December 1, 2009.

Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. See S.C. Code Ann. § 15-3-530. A cause of action which is subject to the South Carolina Tort Claims Act must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C. Code Ann. § 15-78-110.

Plaintiff's claims concerning an alleged injury in the 1990s are barred by the applicable statutes of limitations as he did not file this action until well over three years after the alleged incident. Plaintiff appears to concede that he filed this action more than three years after he was allegedly injured, but argues that he did not learn about his right to sue until he received a ruling (undated) on what appears to be his claim for Social Security disability benefits. See Complaint, Ex. A. He has not, however, disputed that he knew of the injury (or should have known of the injury) in the 1990s.

### 2. Unknown Defendant

The Unknown Defendant contends that he is entitled to dismissal because Plaintiff has never identified the Unknown Defendant and has never served him. When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)(citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). Rule 4(m) provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Further, the Local Rules provide:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

Local Civil Rule 4.01 DSC.

Here, the complaint was filed on August 25, 2009. More than 120 days have passed and Plaintiff has not shown that he has served the Unknown Defendant or requested an extension of time to do so.[5]

### 3. **Medical Claims**

Plaintiff appears to allege that Defendants have failed to properly treat his seizure disorder. He also claims that he fell as a result of his seizure disorder, hurting his wrist. Plaintiff alleges that Defendants have failed to properly treat his wrist, which he claims was broken and is gangrenous. Defendants contend that they are entitled to summary judgment because he fails to show that they were deliberately indifferent to any of his serious medical needs.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.

\* \* \* \* \* \* \*

---

[5]In his opposition memorandum, Plaintiff appears to identify numerous new defendants. See Doc. 21. He has not, however, submitted a proposed amended complaint or USM Forms 285s (Process Receipt and Return Forms). Further, he has not identified any claims as to these proposed defendants. To the extent that he is making a motion to amend his complaint, his motion is denied.

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official

6

> knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. Tina Huggins, a Nurse Administrator at TCI, opines that Plaintiff has received more than simply adequate medical treatment and care for his serious medical conditions. She states that an x-ray of Plaintiff's left wrist was performed on June 11, 2009, and it revealed no fractures. Plaintiff's x-ray films were reviewed by a radiologist who thought there was a radiopaque foreign body in the area that was either an inflammatory or foreign body reaction manifested by soft tissue swelling and prominence. Ms. Huggins notes that Plaintiff was treated for a swollen left wrist on a number of occasions; he was scheduled for a surgical consultation to address the prominence in his left wrist, he was transported to a surgical consultation on September 24, 2009; and Plaintiff refused to allow the physician to perform an orthopaedic evaluation. She also states that Plaintiff's Dilantin levels are stabilized on a regular basis, he is prescribed Dilantin dosages commensurate with the

7

testing level results, and he failed to report to the pill line for his morning dosage of Dilantin for approximately one month prior to a seizure on July 15, 2009. Huggins Aff., Paras. 6-14.

Huggins has provided a copy of Plaintiff's SCDC medical records. These records reveal that he has been treated by medical personnel at SCDC on numerous occasions. He received x-rays and pain medication for his wrist. Dilantin has been prescribed for Plaintiff's seizure disorder and he received testing to determine his Dilantin levels. See Attachments to Huggins Aff. (Plaintiff's SCDC Medical Records).

Plaintiff appears to disagree with the type and amount of medical treatment he received. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should have received different medical treatment, he fails to show that Defendants' actions or inactions rose to the level of a constitutional violation.

### 4. **Eleventh Amendment Immunity**

Defendant SCDC contends that it is entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the

United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Thus, Defendant SCDC is entitled to Eleventh Amendment immunity from monetary damages.

### 5.  **State Law Claims**

Plaintiff appears to allege a claim under South Carolina law for medical negligence. Defendants contend that this action should be dismissed because such a claim must be established by expert testimony both to the required standard of care and the defendant's failure to conform to the standard, and Plaintiff has failed to present any expert testimony. As Plaintiff fails to show that Defendants violated his rights under federal law (as discussed above), only potential state law claims

9

remain. Thus it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

## **CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion to strike (Doc. 15) be **denied**. It is also recommended that Defendants' motion to dismiss or for summary judgment (Doc. 19) be **granted** and that any state law claims be **dismissed**.

    Joseph R. McCrorey
    United States Magistrate Judge

June 15, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).